IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BONNIE PREZIOSI, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RDB-11-02913 |
| UNITED STATES OF AMERICA | * | |
| and | * | |
| DANA CONDRON, individually and in official capacity as an ASSATEAGUE ISLAND AND NATIONAL SEASHORE PARK RANGER, | * * | |
| | * | |
| Defendants. | * | |

* * * * * *        * * * * * *

## **MEMORANDUM OPINION**

This action arises out of a three-count Complaint filed by Bonnie Preziosi ("Plaintiff") against the United States of America and Dana Condron, individually and in his official capacity as an Assateague Island and National Seashore Park Ranger. Plaintiff sues Defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated her rights under the Fourth Amendment to the United States Constitution.[1] First Am. Compl (ECF No. 5).

Pending is the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendants the United States of America ("the United States" or "the Government") and and National Park Service Ranger Dana Condron in his official capacity  (ECF No. 20).  Also

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) is an "analog to suits brought against state officials under § 1983." *Samuel v. Palmer*, 2010 WL 2976133 at *2 (D. Md. July 22, 2010) (citations and internal quotations omitted).  Under *Bivens*, "the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Id.* at *2; *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

pending is the Partial Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Dana Condron individually ("Condron") (ECF No. 21).[2] Upon review, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). The Plaintiff has filed no opposition to the Motion to Dismiss filed by the United States and Condron in his official capacity (ECF No. 20), and said motion is accordingly GRANTED. Furthermore, the Plaintiff has not opposed the Partial Motion to Dismiss filed by Condron individually (ECF No. 21) with respect to the dismissal of Count III. That motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In the context of the United States' Rule 12(b)(1) Motion to Dismiss, the facts of this case are essentially undisputed. *See* U.S.' Mem. at 1 (ECF No. 20-1); Pl.'s Resp. ¶ 1 (ECF 23). As concerns Condron's Rule 12(b)(6) Motion to Dismiss, this Court has "accept[ed] the well-pled allegations of the complaint as true" and "construe[d] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citation omitted).

On August 23, 2011, the Plaintiff, a part-time surf instructor, finished teaching a surfing lesson on Assateague Island and National Seashore and returned to her car, which was parked in a lot on the island. First Am. Compl. ¶¶ 7–8. As the Plaintiff was preparing to back out of the parking space, she was approached by Condron, a National Park Service Ranger at Assateague Island National Seashore. *Id.* ¶ 8. For "unknown reasons, Condron then began banging on the Plaintiff's car window, screaming and demanding that she open the window or else he would 'break all the [expletive] glass in.' " *Id.* When Plaintiff "opened her car door, she was grabbed by Condron, pulled from the car, tackled, and pushed face-first into the asphalt of the parking

---

[2] Condron individually moves to dismiss Counts I and III. He does not move to dismiss Count II.

lot." *Id.* ¶ 9. Condron "proceeded to handcuff and forcefully restrain the Plaintiff . . . and pushed her with his knee into the pavement." *Id.* Condron then took the Plaintiff to park headquarters, where she was issued citations for failing to obey a lawful order, conducting commercial business without a permit, and interfering with an agency function. *See id.* ¶ 10.

According to Plaintiff's First Amended Complaint, "[a]t all relevant times, the Plaintiff posed no threat or potential threat to Condron's safety" and "[a]t no point was the Plaintiff ever informed that she was participating in any kind of unlawful or unauthorized activity before she was pulled from her car, handcuffed and restrained, nor was she ever told what 'lawful order' she allegedly failed to obey. *Id.* Plaintiff suffered "pain" and "injuries" as a result of the incident. First Am. Compl. ¶¶ 10–12.

Plaintiff filed this civil action on October 12, 2011. *See* Compl. (ECF No. 1). She later amended her complaint on October 17, 2011. *See* First Am. Compl. (ECF No. 5). She asserts violations of her Fourth Amendment rights in three counts. *Id.* ¶ 1. Specifically, Plaintiff claims that she was arrested "with no basis in fact or law," *id.* ¶ 25, and that Condron used excessive force in arresting her. *Id.* ¶ 17. The Plaintiff brings claims of false arrest and excessive force under *Bivens* and the Fourth Amendment to the United States Constitution in Count I, an excessive force claim under *Bivens* and the Fourth Amendment in Count II, and a false arrest claim under *Bivens* and the Fourth Amendment in Count III. *Id.* ¶¶ 7–26. Plaintiff seeks $2.5 million in damages. *Id.*

On March 2, 2012, the United States brought Plaintiff to trial before a United States Magistrate Judge of this Court alleging violations of 36 C.F.R. § 5.3, conducting commercial business in a park without a permit; C.F.R. § 2.32(a)(1), interfering with agency functions; and 36 C.F.R. § 2.32(a)(2), violating a lawful order. *See* Condron's Mem. (ECF No. 21-1). During

the trial, "Plaintiff was represented by counsel, who cross-examined witnesses, including Ranger Condron, presented evidence, and challenged the legal basis for Plaintiff's arrest and the charges brought against her." *Id.* After the trial, "the Magistrate Judge issued findings of fact and conclusions of law, which included a determination that there was probable cause at the time of Plaintiff's arrest for the charge of conducting commercial business without a permit." *Id.* at 4. *See also* Trial Recording at 3:34:19–3:47:20 (on file with Court). The criminal court "found Plaintiff guilty of conducting commercial business in a park without a permit, 36 C.F.R. § 5.3, and interfering with agency functions, 36 C.F.R. § 2.32(a)(1)." *Id.* The court sentenced Plaintiff on that same day, imposing fines and a one-year-ban from the Assateague Island National Seashore, Chincoteague National Wildlife Refuge. Condron's Mem. at 5. *See also* Trial Recording 4:08:09–4:09:05 (on file with Court). Plaintiff did not seek review of the criminal court's decision. Pl.'s Mot. to Lift Stay ¶ 2 (ECF No. 17).

On April 27, 2012, the United States filed its Motion to Dismiss this civil action pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming lack of subject-matter jurisdiction. Specifically, the United States alleges that this Court lacks subject-matter jurisdiction over Plaintiff's claims against it because the United States has not waived its sovereign immunity. *Id.* at 4–5.

Additionally, on April 27, 2012, Condron individually filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), challenging Counts I and III of the Plaintiff's Complaint.[3] First, Condron states that the trial court's finding of probable cause estops the Plaintiff from claiming false arrest in Count III and that Condron is protected from the false arrest claim by qualified immunity. Condron's Mem. at 2.

Second, Condron states that Count I must fail because it "seeks to state a general claim

---

[3] Condron does not move to dismiss Count II, as noted *infra* at Analysis, Part II.

… 'under *Bivens*' unmoored to any constitutional provision." *Id.* at 18. Additionally, Condron contends that Count I is duplicative of Counts II and III and that, at any rate, the false arrest claim in Count I must fail due to collateral estoppel and qualified immunity. *Id.* Thus, Condron alleges, Count I must be dismissed. *Id.* at 2; 17–18.

STANDARD OF REVIEW

*I.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Under Rule 12(b)(1), a party may advance a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject-matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citations omitted). With respect to a facial challenge, the court will grant a motion to dismiss for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799 (citations omitted). Where a challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject-matter jurisdiction." *Kerns*, 585 F3d at 192. In this case, there is a facial challenge to the Complaint, as the Government has aptly noted that this Court lacks subject-matter jurisdiction over Plaintiff's claims against the Government because the United States has not waived its sovereign immunity. The plaintiff carries the burden of establishing subject-matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

*II.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (Gregory, J., concurring) (citation omitted).

When ruling on a Rule 12(b)(6) motion, the court must dismiss the complaint if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv.*, *LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). The Supreme Court has held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *accord A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). A court considering a Rule 12(b)(6) motion must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citation omitted).

## ANALYSIS

*I.     Motion to Dismiss Pursuant to Rule 12(b)(1) by the United States and Condron in His Official Capacity*

The United States and Condron in his official capacity contend that this Court lacks

subject-matter jurisdiction over Plaintiff's claims against them because the United States has not waived its sovereign immunity. U.S.' Mem. at 1. Conceding to this argument, Plaintiff notes in her Response that "Plaintiff does not oppose the Co-Defendant[] United States of America's Motion to Dismiss." Pl.'s Resp. ¶ 1. Additionally, the Fourth Circuit Court of Appeals has held that the United States has not waived its sovereign immunity for suits, including suits under *Bivens*, claiming damages arising from alleged constitutitional violations. *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While *Bivens* actions allow for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself.") Accordingly, this Court does not have subject-matter jurisdiction over the Plaintiff's claims against the United States and Condron in his official capacity, and their Motion to Dismiss is GRANTED.

### II.   *Motion to Dismiss Pursuant to Rule 12(b)(6) by Condron Individually*

Condron individually moves to dismiss Counts I and III of the Plaintiff's First Amended Complaint filed against him in his individual capacity. With respect to Count III, Condron states that the criminal court's finding of probable cause estops the Plaintiff from claiming false arrest under the Fourth Amendment. Condron also states that, even if Plaintiff were not precluded from claiming false arrest, Condron is protected by qualified immunity. Condron's Mem. at 2. In her response, Plaintiff concedes to the dismissal of Count III on the ground of collateral estoppel. Pl.'s Resp. (ECF No. 24). Therefore, Condron's Motion is GRANTED with respect to Count III. It is not necessary to this Court's decision to address the qualified immunity issue.

Next, Condron states that Count I should be dismissed. First, Condron argues that Count I improperly "seeks to state a general claim … 'under *Bivens*' unmoored to any constitutional

provision" and must fail because no such cause of action exists. Condron's Mem. at 17–18. Although Condron notes that "*Bivens* . . . recognized an implied cause of action for damages against a federal officer . . . responsible for a Fourth Amendment violation," Condron states that *Bivens* "in and of itself[] is not a source for any stand-alone cause of action" and "[t]o the extent Plaintiff seeks to state a general claim in Count I unmoored to any constitutional provision, such a claim must fail." *Id.* at 18 (internal citations omitted).

Contrary to Condron's assertions, the Plaintiff's First Amended Complaint grounds her *Bivens* claims in Count I *specifically* in the Fourth Amendment:

> the Defendants deprived the Plaintiff of constitutionally protected rights of the Fourth Amendment to the United States Constitution, including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; and d) the right to be free from false arrest.

First Am. Compl. ¶ 15. In addition to alleging the specific Fourth Amendment violation of "false arrest," *id.*, the Plaintiff alleges the specific Fourth Amendment violation of excessive force, stating, "Condon's [sic] use of force against the Plaintiff was excessive, intentional and objectively unreasonable in light of the facts and circumstances confronting him. The force applied by Condon [sic] was grossly disproportionate to any real or perceived public risk." *Id.* ¶¶ 16–17. Because Plaintiff's First Amended Complaint clearly founds Count I on specific alleged Fourth Amendment violations, this Court rejects Condron's argument that the assertions in Count I are too general to state a plausible *Bivens* claim.

Condron also challenges Count I on the ground that it fails to state a claim for any constitutional violations other than the excessive force and false arrest claims already asserted in Counts II and III. Condron argues that Plaintiff's false arrest claim in Count I must fail because it is duplicative of the claim in Count III and is, like the false arrest claim in Count III, barred by

collateral estoppel and qualified immunity. Condron's Mem. at 2; 17–18. Condron contends that the other allegation in Count I, excessive force, is duplicative of the claim in Count II and that Count I should thus be dismissed for failing to meet the "applicable pleading standards." *Id*.

In fact, Count I does seek to state only the two claims identified by Condron: excessive force and false arrest.[4] As collateral estoppel precludes the Plaintiff from litigating false arrest in Count III, Plaintiff's false arrest claim in Count I is likewise precluded. *See supra* at Analysis, Part I. However, even if Condron is correct that the only other claim in Count I, excessive force, is "duplicative" of that in Count II, it does not follow that Count I should be dismissed. Condron's Mem. at 17–18. Indeed, it is unnecessary, for purposes of deciding on Condron's Motion to Dismiss, for this Court to reach the question of whether Count I is "duplicative" of

---

[4] Count I alleges excessive force. See *supra*, at Analysis, Part II. Its remaining statements, e.g., that "the Defendants . . . deprived the Plaintiff of . . . the right to be free from unreasonable searches and seizure [and] the right not to be deprived of liberty without due process of law," *id*. ¶ 15, boil down to a claim of "false arrest." *Id*. ¶ 16. *See also* Pl.'s Resp. at 2. While Plaintiff states that Count I's "allegations include the entire police encounter and "seizure" by Condron, in addition to his use of excessive and unreasonable force," Plaintiff does not identify any additional constitutional violation arising from the "police encounter" or " ' seizure' " except for "false arrest," First Am. Compl. ¶ 16, and "excessive force." Pl.'s Resp. at 2.

The explanation Plaintiff gives for this repetition is that he finds it "unclear whether *Bivens* may be plead [*sic*] as an independent cause of action, or whether this claim would merge into claims such as those alleged by Preziosi in Counts II–III." Pl.'s Resp. at 2. As the source of his confusion, Plaintiff cites *Yokum v. Frank*, 937 F.2d 604 (table case) (4th Cir. 1991) and *Dodson v. Bureau of Prisons*, 2011 WL 3877973 (N.D.W.Va. 2011) for the proposition that "*Bivens* created an independent cause of action for monetary damages against federal officials." Pl.'s Resp. at 3. Plaintiff apparently misinterprets the courts' references to an "independent cause of action" in those cases. After *Bivens*, a violation of certain constitutional provisions, including the Fourth Amendment, by a federal official under color of law gives rise to a cause of action *independent of* any other cause of action. Without the *Bivens* decision, there would be no cause of action for monetary damages against federal officials for a violation of the Fourth Amendment under color of law. Hence, *Bivens* does not create a cause of action *independent of that created by* a Fourth Amendment violation. *See Bivens*, 403 U.S. at 395.

Count II.[5]  *Id.*  Even assuming, *arguendo*, that the excessive force claim in Count I is found to be duplicative of that in Count II, Count I survives Condron's Motion to Dismiss.

As the Fourth Circuit has noted, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley*, 464 F.3d at 483; *see also McBurney*, 616 F.3d at 408 (citation omitted).  The question this Court must decide in ruling on a Rule 12(b)(6) motion is whether a claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 663; *see also A Society Without A Name*, 655 F.3d at 346.  Although Condron classifies Count I as "duplicative," Condron does not assert that Count I alleges insufficient grounds to state a claim for excessive force.  In fact, by filing a Partial Answer to Count II (ECF 22), which Count I allegedly

---

[5] Rule 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either upon the filing of a motion pursuant to Rule 12(f) or *sua sponte*. Motions to strike are generally disfavored "because striking a portion of a pleading is . . . often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation and quotation marks omitted).  Accordingly, when a party has moved to strike a duplicative claim, this Court has required the movant to show that prejudice would result if the claim proceeded.  *See Toucheque v. Price Bros. Co.*, 5 F.Supp.2d 341, 350 (D. Md. 1998).

Plaintiff's excessive force claim in Count I seems to be *entirely* duplicative of that in Count II.  *Compare* Compl. ¶ 17 (alleging in Count I that "use of force" was "excessive, intentional and objectively unreasonable" and "grossly disproportionate to any real or perceived public risk") *with id.* ¶¶ 21–22 (referring in Count II to Condron's use of "excessive force," the adoption of "policies . . . that have allowed . . . excessive force when more reasonable . . . methods were available," and the Defendants' "deliberate indifference to the rights of the Plaintiff to be free of excessive force").

Courts dealing with this issue have struck one of the claims because allowing both to proceed would cause prejudice by creating "[t]he possibility that issues will be unnecessarily complicated." *California Dept. of Toxic Substance v. Alco Pacific,* F.Supp.2d 1028, 1033 (C.D.Cal. 2002).  *See McAuliffe v. U.S. Dept. of Veterans Affairs*, C06-07353WHA, 2007 WL 2123690 (N.D. Cal. July 23, 2007) (striking Plaintiff's *Bivens* claim because "it only repeats allegations from the prior claims"); *Wilkerson v. Butler*, D.C.Cal.2005, 229 F.R.D. 166, 171 (granting motion to strike all but one of plaintiff's causes of action because they "fail[] to state anything beyond" the first cause of action); *Pettrey v. Enter. Title Agency, Inc.*, 1:05-CV-1504, 2006 WL 3342633 (N.D. Ohio Nov. 17, 2006) (finding redundant counterclaims should be stricken when they "serve no useful purpose" and "there is a complete identity of factual and legal issues") (quoting *Aldens, Inc. v. Israel Packel,* 524 F.2d 38, 51–52 (3d Cir.1975).

As the Court or the parties may raise a Rule 12(f) issue post-discovery, this Court will at this stage permit Counts I and II to proceed on the issue of excessive force.

duplicates, Condron effectively admits that Plaintiff has stated a plausible claim of excessive force in both counts. *See* Condron's Part. Answer (ECF 22); *accord* Condron's Reply at 2. Accordingly, this Court finds that Condron has not met his burden to establish failure to state a claim and his individual motion is DENIED with respect to Count I.

### III.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendants the United States of America and National Park Service Ranger Dana Condron in his official capacity (ECF No. 20) is GRANTED. Additionally, the Partial Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Dana Condron individually (ECF No. 21) is GRANTED IN PART and DENIED IN PART; specifically, it is GRANTED as to Count III and the false arrest claim in Count I, but is DENIED as to the excessive force claim in Count I. Accordingly, the case shall proceed on the excessive force claim in Count I against Dana Condron individually and the claim as stated in Count II against Dana Condron individually.

A separate order follows.

Dated:        July 9, 2012

/s/_____
Richard D. Bennett
United States District Judge